William R. KEES, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13543.

United States Court of Appeals
Seventh Circuit.
June 28, 1962.

Charles R. Purcell, Jr., Chicago, Ill., for appellant.

Carl W. Feickert, U. S. Atty., Walter D. Williams, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before SCHNACKENBERG, CASTLE, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a Motion to Correct Sentence of fifteen years for kidnapping a woman and transporting her in interstate commerce for immoral purposes in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201.[1] The District Court denied the motion and petitioner has appealed. The Government concedes that we may treat petitioner's motion as a Motion to Vacate Judgment and Sentence under 28 U.S.C. § 2255.

Petitioner Kees was arrested in the Eastern District of Illinois under a warrant issued in Kansas City, Missouri. October 30, 1951, being advised of his right to counsel, he waived in writing prosecution by indictment and consented to prosecution in Illinois by information "filed" in Missouri. November 13, 1951 he waived in writing his "right to trial" in Missouri, stated his "desire to plead guilty," and consented to disposition of the cause in the Eastern District of Illinois. November 26, 1951, Kees pleaded guilty to the information and "again declined the appointment of counsel." It is admitted his victim was not "liberated unharmed."

The only question is whether the court was without jurisdiction to try Kees by information.

Kees argues that the offense charged against him is a capital offense, which under the fifth amendment to the Constitution of the United States must be presented by indictment of a grand jury.[2] The Government contends that the information cannot be said to charge a capital offense because by defendant's written consent to transfer and desire to plead guilty under Fed.R.Crim.P. 20, 18 U.S.C.A.,[3] punishment by death under the Kidnapping Act was removed from the case since there could be no jury verdict recommending it, and that the waiver of the indictment was therefore

1. 18 U.S.C. "§ 1201. Transportation. (a) Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, * * * kidnaped, abducted, or carried away * * shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed. * * *"

2. U.S.Const. amend. V. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, * * *."

3. Fed.R.Crim.P. 20. "Transfer from the District for Plea and Sentence. A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district."

valid under Fed.R.Crim.P. 7(a), 18 U.S. C.A.[4]

Kees relies solely upon Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed. 2d 1041 (1959). There, Smith waived indictment, counsel and venue, pleaded guilty to the violation of 18 U.S.C. § 1201 charged in the information, and was sentenced to fifteen years in prison. The decisive question on review of denial of relief under § 2255, was "whether petitioner's alleged violation of the Kidnapping Act had to be prosecuted by indictment." The conviction was reversed on the ground that the court lacked jurisdiction to proceed by information in a capital case.

The Smith case did not involve Rule 20. The Government there claimed that because the Act created two offenses, the question for the court required examination of the evidence as to whether the victim was "released unharmed"[5] to determine whether the offense was capital; and that the mere filing of the information eliminated the capital element. The court stated that the right given in the fifth amendment is "substantial" and "may be waived * * * only in those proceedings which are noncapital." It stated further: The question whether the offense charged is capital must be decided before trial. The Federal Kidnapping Act creates a single offense, and a charge of its violation is a charge of an offense which may be punishable by death. Fed.R.Crim.P. 7(a) must be construed strictly to protect "those accused of one of our most serious crimes" against "summary treatment."

A careful reading of the Smith case persuades us that its rule extends to the factual situation before us. The Supreme Court made its decision on the information itself, unaffected by the trial that followed:

> "When an accused is charged * * * with transporting a kidnapping victim across state lines, he is charged and will be tried for an offense which *may* be punished by death. * * * when the offense as charged is sufficiently broad to justify a capital verdict, the trial must proceed on that basis, * * *." 360 U.S. 1, 8, 79 S.Ct. 991, 996.

This impels the conclusion that Kees was charged with a capital offense because the charge against Kees[6] is as broad as the charge made against Smith.[7] The invocation of Rule 20 does not preclude this conclusion, just as the evidence in the Smith case did not preclude the Supreme Court's decision. The charge against the defendant is controlling.

Because we conclude that the offense charged was a capital offense, we decide that Rule 7(a) gives no support to the District Court's assumption of jurisdiction in this case. We hold that the court had no jurisdiction to try the alleged violation of the Kidnapping Act by information.

In this appeal, prosecuted *in forma pauperis*, we appointed Mr. Charles R.

4. Fed.R.Crim.P. 7(a) "Use of Indictment or Information. An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court."

5. The victim in Smith was "released unharmed" but that fact was not alleged in the information.

6. The information against Kees charged that he "did unlawfully and knowingly transport * * * a * * * person * * * in interstate commerce * * * said person * * * having * * * been unlawfully seized, * * * kidnapped and carried away * * * for the purpose of having sexual intercourse * * *."

7. The "charging" portion of the information against Smith stated that he "did knowingly transport in interstate commerce, * * * a person * * * who had been unlawfully seized, kidnapped, abducted, and carried away and held for the safe conduct of the three defendants * * *." 360 U.S. 1, 7, 79 S.Ct. 991, 996.

Purcell, Jr., a member of the Illinois Bar, to represent petitioner. We thank him for this able and dedicated service.

The order denying petitioner's motion is reversed and the cause remanded with directions to vacate the judgment and sentence under 18 U.S.C. § 1201 and to dismiss the information.